COUNTY OF ST. LOUIS v. BERIAH CLELAND.

JUNE TERM
1835.

County of St Louis
v.
Cleland.

1. The county appointed a commissioner to act jointly with one to be appointed by the city, to contract for the building a bridge on such plan as *they* should think best—they contracted with plff. below, and it was agreed they might extend the wing walls, paying for such extension.
2. Held—That the commissioner may adopt and use any seal as his own, and it would be the seal of the county for that purpose.
3. The law requires the county court, first, to decide on the plan and materials and then the commissioner to be appointed to contract accordingly—The law not being pursued in this case, the appointment is illegal and the person appointed not the agent of the county.
4. That the city accepted the extra work on the wing walls and paid therefor, is no evidence that the county agreed to do so.

ERROR to the St. Louis circuit court.

Opinion of the court delivered by TOMPKINS, J.

Cleland brought his action of covenant in the circuit court against the county of St. Louis, and had a judgment in his favor. To reverse this judgment the county prosecutes this writ of error. The declaration charges that the county by Archibald Gamble, her duly authorised agent, made her certain deed sealed with the seal of the said defendant and also with the seal of said plaintiff, and that it was thereby agreed that the plaintiff should build a certain bridge, and that it was among other things agreed that the plaintiff should build wing walls for said bridge, and that the defendant might increase the length of said wing walls at any time before the completion of the said work on condition of paying for such additional work a certain price in such agreement specified, and that the said defendant did direct the plaintiff to build the said wing walls longer than it had been at first determined to build them &c. The plaintiff demands damages of the county for the non performance of her contract to pay for the extra work. The defendant pleaded 1st, that the writing declared on was not her deed, 2nd, that the said Gamble was not her agent, 3rd, that she did not direct the length of said walls to be increased, 4th, that the said addition to the said walls was not built agreeably to contract, 5th, this plea was of the same import as the fourth. Issues were joined on all these pleas and found for plaintiff, defendant in error. An order of the county court of St. Louis county was given in evidence appointing Archibald Gamble commissioner on the part of the county to act jointly with such person as the corporation of the city of St. Louis may appoint for that purpose to contract for the building of the bridge mentioned upon such plan as

The county appointed a commissioner to act jointly with one to be appointed by the City, to contract for the building a bridge on such plan as they should think best—they contracted with plff. below, and it was agreed they might extend the wing walls, paying for such extension.

JUNE TERM
1835.

County of St Louis
v.
Cleland.

they shall think best. It was also proved that the commissioner thus appointed by the county did jointly with one appointed on the part of the city contract with the defendant in error to build the bridge, and that the commissioner of the city directed the defendant in error to build the wing walls of the bridge longer than he had at first contracted to build them, and that the additional work was accordingly done. It was also testified by the commissioner of the county that he never requested the defendant in error to build the addition to the wings—that he did jointly with the commissioner of the city inspect the bridge after it was built, and receive it as built agreeably to contract; but that he did not accept the said bridge in reference to the extension of the wings; but he accepted it as contracted to be built without such extension. The said commissioner testified that he did not consider himself authorised to assent to such extension: but that he considered that when he had made his first contract his power of contracting was at an end. The county moved for a new trial for these reasons, 1st, the verdict is against the evidence, 2nd, the verdict is against law, 3rd, it is against the weight of evidence. The motion was overruled and the opinion of the court excepted to. On the trial of the cause the defendant in error offered in evidence a sealed instrument executed by the commissioner of the county and that of the city to prove the contract betwixt the county and himself. To prove that the county had agreed to accept the extra work, he offered evidence that the city had done so and had paid for the same. The plaintiff in error objected to the admission of such evidence but it was received. The admission of this evidence and the refusal to grant a new trial are assigned for error. The points to be decided then are, 1st, can the commissioner of the county contract under seal, and if so, must he use the seal of the county. 2nd, was he properly appointed the commissioner of the county. 3rd, ought the court to have granted a new trial.

Held—that the commissioner may adopt and use any seal as his own, and it would be the seal of the county for that purpose.

The law requires the county court, first, to decide on the plan and materials and then

1st, the county for the purpose of building bridges have power to appoint a commissioner, see digest page 192, sec. 2, and no reason is seen why he may not use a seal if he have power as such commissioner to make any contract, and as he would if duly appointed be the county's agent, so any seal he should adopt as his own, would be the seal of the county for that special purpose. 2nd, was he duly appointed the agent of the county for the purpose of contracting to build the bridge in question? The act to provide for building bridges provides, see section 2

page 192 of digest, that the court shall first decide on the plan and the materials of which the bridge is to be built and then the commissioner appointed is to contract for the building of such bridge; here the plan is left entirely to the commissioner. The power given by the act of assembly then not being pursued, the commissioner thus appointed is not in our opinion properly appointed, and is not therefore in the language of the second plea "the duly authorised agent of the county. 3rd, it is the opinion of the court that the evidence offered by the defendant that the corporation of the city accepted and paid for the additional work was not admissible as evidence against the county, and if admitted at all, was entitled to very little weight against the positive testimony of the commissioner of the county, that he never had assented to the execution of the additional work, and that he had never accepted the same on the part of the county. For these reasons it appears to us that the judgment of the circuit court is erroneous. Its judgment is therefore reversed.

JUNE TERM 1835.

the commissioner to be appointed to contract accordingly—The law not being pursued in this case, the appointment is illegal and the person appointed not the agent of the county.

That the City accepted the extra work on the wing walls and paid therefor, is no evidence that the county agreed to do so.